### TOM GREEN v. THE STATE.

#### No. 3489.    Decided January 17, 1906.

**Local Option—Motion for New Trial—Affidavit.**

Where upon motion for new trial to set aside a conviction for a violation of the local option law, the accompanying affidavit and other evidence on said motion disclosed the fact that the prosecutor was clearly wrong in his identity of the defendant, the motion should have been granted.

Appeal from the County Court of Grayson. Tried below before Hon. G. P. Webb.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction is for violating the local option law. There was direct issue on the trial as to whether or not appellant sold an intoxicant. Taylor swore positively that he bought the whisky from appellant. Appellant swore directly and positively that he did not sell him any. There was evidence introduced by appellant to the effect that Taylor had made a trade with the State by which he was to work up local option cases under pay from the sheriff, and have a gambling case filed against him dismissed. Among other things, the motion for new trial sets out the affidavit of the witness Taylor to the effect that he now believed appellant was not the negro who sold him the intoxicants. Quoting from that affidavit, we note this: "I am now satisfied that I am mistaken in the identity of said defendant, Tom Green; and I hereby solemnly swear that defendant, Tom Green, mentioned herein and tried and convicted on September 16, 1905, in these causes, is not the person who sold me said intoxicants as mentioned in said causes; that I have since said trial and conviction seen and talked to the negro that sold me the whisky and intoxicants mentioned in this cause and complaint, and I now solemnly swear that said Tom Green, defendant in these causes, is not the right person, and is not guilty of said offense in this nor in any other case of violating the local option law in this county, where I appear as a witness against him and as purchasing intoxicants and whisky therefrom. To all of the above

statements I solemnly swear in these presents with my own free will and consent, and no undue influence to coerce or force me to make such statement has been used towards or concerning me by any person. To all of which I solemnly swear." Some evidence was introduced on this phase of the motion for new trial which shows that appellant had no connection with procuring the affidavit of the witness Taylor; that it was taken by outside parties who were impressed with the innocence of appellant in the transaction. It would hardly be the subject of discussion that this evidence set out in Taylor's affidavit was of the most material character, for it was upon the testimony of this witness alone that the State's case rested. This affidavit and the evidence on the motion for new trial discloses the fact that witness Taylor was clearly wrong in the identity of the negro. They were strangers as shown by the record to each other. With this testimony before the jury the State would have had no case. The motion for new trial should have been granted, and because it was not, the judgment is reversed and the cause remanded.

*Reversed and remanded.*